**Jesus Chavez PLANCARTE; Matilda Bernabe Rodriguez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–76318, 05–71440.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 28, 2006.

Nadia Farah, Law Office of Nadia Farah, Fremont, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kristin K. Edison, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Jesus Chavez Plancarte and Matilda Bernabe Rodriguez, native and citizens of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") order denying their application for cancellation of removal (04–76318), and the BIA's subsequent order denying their motion to reopen proceedings (05–71440). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001). We dismiss in part, and deny in part the petitions for review.

We lack jurisdiction to review the IJ's discretionary determination that the petitioners failed to establish exceptional and extremely unusual hardship to their United States citizen children. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir.2005).

We also lack jurisdiction to consider the petitioners' contentions that the IJ's factual findings were not supported by substantial evidence or that the IJ violated their due process rights, because the petitioners did not raise these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

To the extent the petitioners contend the BIA erred in streamlining their case, the contention is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852 (9th Cir.2003).

We lack jurisdiction to review the BIA's determination that the evidence the petitioners submitted with their motion to reopen would not alter its prior discretionary determination that they failed to establish the requisite hardship. *See Fernandez v. Gonzales*, 439 F.3d 592, 600 (9th Cir.2006) (holding that 8 U.S.C. § 1252(a)(2)(B)(I)

bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether the new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (Internal quotations omitted).

The petitioners' contention that the BIA employed an incorrect hardship standard fails because the BIA's interpretation fell within the broad range of acceptable interpretations. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1005 (9th Cir.2003).

**PETITION FOR REVIEW No. 04–76318 DISMISSED in part; DENIED in part.**

**PETITION FOR REVIEW No. 05–71440 DISMISSED in part; DENIED in part.**